## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>HMH MEDIA, INC., *et al.*,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 17-12881 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 379, 412** |

## ORDER GRANTING THE DEBTORS' SECOND OMNIBUS OBJECTION TO (I) NO LIABILITY CLAIMS, (II) OVERSTATED CLAIMS, AND (III) RECLASSIFICATION CLAIMS (SUBSTANTIVE)

Upon the *Debtors' Second Omnibus Objection to (I) No Liability Claims, (II) Reclassification Claims, and (III) Overstated Claims (Substantive)* (the "Objection")[2] of HMH Media, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), and the Debtors' request for entry of an order (this "Order") (A) disallowing and expunging the No Liability Claims identified on **Schedule 1** to this Order, (B) reclassifying and allowing the Reclassification Claims identified on **Schedule 2(a)** to this Order and reclassifying the Reclassification Claims identified on **Schedule 2(b)** to this Order, and (C) reducing and allowing the Overstated Claims identified on **Schedule 3** to this Order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rules 3007-1 and 9016-1(d), all as more fully set forth in the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

---

[1]    The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: HMH Media, Inc. (5048); HM Media, Inc. (1468); BH Media, Inc. (5341) and HIA Media, Inc. (2359).

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection and the Soares Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is GRANTED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. The claims identified on **Schedule 1** attached hereto are hereby disallowed and expunged.

4. The claims identified on **Schedule 2(a)** attached hereto are hereby reclassified to the priorities identified in the column entitled "Modified Classification Status" and allowed.

5. The claims identified on **Schedule 2(b)** are hereby reclassified to the priorities identified in the column entitled "Modified Classification Status."

2

6.     The claims identified on **Schedule 3** attached hereto are hereby reduce to the amount identified in the column entitled "Allowed Claim Amount (Classification)" and allowed, provided that each claim identified on **Schedule 2(b)** has been reclassified pursuant to paragraph 5 above prior to allowance.

7.     The Debtors's notice and claims agent Epiq Bankruptcy Solutions, LLC is authorized to update the claims register to reflect the relief granted in this Order.

8.     Each Disputed Claim and the objections by the Debtors to such Disputed Claims, as addressed in the Objection and set forth on **Schedules 1 - 3** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each Disputed Claim.  Any stay of this Order pending appeal by any claimant whose Disputed Claim is subject to this Order shall only apply to the contested matter which involves such Disputed Claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters identified in the Objection or this Order.

9.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

11.     Except as provided pursuant to paragraphs 4 and 6 above, entry of this Order is without prejudice to the Debtors' right to object to any other Claims in these Chapter 11 Cases or to further object to the Disputed Claims, on any grounds whatsoever to the extent not previously overruled, at a later date.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 27 , 2018
Wilmington, Delaware

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

4