## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| HMH MEDIA, INC., *et al.*, | Case No. 17-12881 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **RE: D.I. 366, 384 & 445** |

## PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTORS' PLAN OF LIQUIDATION

A HEARING HAVING BEEN HELD BEFORE THE COURT on June 20, 2018 and continued on June 28, 2018 and July 18, 2018 (the "Confirmation Hearing"), to consider confirmation of the *Debtors' Modified Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated June 8, 2018 (including all exhibits thereto and as modified, and annexed hereto as **Exhibit E**, the "Plan"),[2] proposed by HMH Media, Inc. and its affiliates in the above-captioned jointly administered cases (the "Debtors");

WHEREAS, that the *Disclosure Statement for Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated April 6, 2018 [D.I. 320] (as modified and subsequently amended, the "Disclosure Statement") has been previously approved on May 15, 2018, pursuant to the *Order (A) Approving Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballots and Notices in Connection Therewith, (D)*

---

[1]  The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: HMH Media, Inc. (5048); HM Media, Inc. (1468); BH Media, Inc. (5341) and HIA Media, Inc. (2359).

[2]  Capitalized terms used herein without definition have the meanings provided in the Plan.  In addition, any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

*Establishing the Plan Confirmation Schedule and (E) Granting Related Relief* [D.I. 365] (the "Disclosure Statement Order"), which also established procedures for the solicitation and tabulation of votes to accept or reject the Plan, scheduled a hearing on confirmation of the Plan and approved related notice procedures;

WHEREAS, the solicitation and noticing procedures with respect to the Plan approved by the Court pursuant to the Disclosure Statement Order have been followed as set forth in the *Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting and Tabulation of Ballots Cast on the Debtors' Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* dated June 15, 2018 [D.I. 395] (the "Voting Agent Declaration") and the *Supplemental Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting and Tabulation of Ballots Cast on the Debtors' Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [D.I. 398] (the "Supplemental Declaration"); affidavits of service of the solicitation materials with respect to the Plan having been executed by Epiq Bankruptcy Solutions, LLC with respect to the mailing of notice of the Confirmation Hearing and solicitation materials in respect of the Plan in accordance with the Disclosure Statement Order (collectively, the "Affidavits of Service") and having been filed with the Court [D.I. 375]; and the Debtors having filed the *Notice of Publication of Confirmation Hearing Notice* [D.I. 373] (the "Affidavit of Publication") attesting to publication of the Confirmation Hearing Notice in the Boston Herald in accordance with the Disclosure Statement Order;

WHEREAS, the Debtors filed with the Court, as appendices to the Disclosure Statement, the Plan and Liquidation Analysis (as may be amended, modified, and supplemented, the "Plan Documents");

WHEREAS, on June 8, 2018, the Debtors filed with the Court the *Identity and Rate Structure of Plan Administrator* [D.I. 387] (the "Plan Supplement");

WHEREAS, the deadline for filing objections to the Plan was June 12, 2018;

WHEREAS, the deadline for casting ballots to accept or reject the Plan was June 12, 2018 and that the results of voting have been certified by Epiq Bankruptcy Solutions, Inc., acting as voting agent for the balloting permitted for Class 1, 2, 5, and 6 Claims, pursuant to the Disclosure Statement Order and as set forth in the Voting Agent Declaration;

WHEREAS, the Debtors have proposed certain modifications to the Plan as set forth in the *Debtors' Modified Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated June 8, 2018 [D.I. 384] and to the extent the terms of this Confirmation Order may be construed to constitute modifications to the Plan (collectively, the "Modifications");

WHEREAS, the Debtors have filed the *Declaration of Patrick Purcell in Support of Confirmation of the Debtors' Modified Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated June 15, 2018 [D.I. 396] (the "Purcell Declaration");

WHEREAS, the Debtors have filed the *Memorandum of Law in Support of Confirmation of the Debtors' Modified Second Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated June 15, 2018, 2018 [D.I. 392] (the "Confirmation Memorandum");

WHEREAS, the Debtors have presented testimony, evidence and argument of counsel in support of confirmation of the Plan, and that additional testimony, evidence or argument of counsel has been presented by other parties in interest;

NOW, THEREFORE, based upon the Court's review of (a) the Disclosure Statement, (b) the Plan, (c) the Purcell Declaration, (d) the Voting Agent Declaration and Supplemental

Declaration, (e) all of the evidence proffered or adduced, filings and arguments of counsel during these Chapter 11 Cases and (f) all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at, the Confirmation Hearing; and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Confirmation Hearing:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    <u>Findings of Fact and Conclusions of Law</u>.    The findings of fact and the conclusions of law stated in this Confirmation Order and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.    To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

B.    <u>Jurisdiction; Venue; Core Proceeding</u>.    This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.    Venue in the District of Delaware was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) upon which the Court may issue a final order, and confirmation of a plan by this Court is a constitutional exercise of the jurisdiction conferred by Congress on this Court.    This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.    <u>Transmittal and Mailing of Solicitation Materials and Notices</u>.    The solicitation materials and notices prescribed by the Disclosure Statement Order were served in compliance with the Disclosure Statement Order, and such service was adequate and sufficient.

Supplemental notice of the Confirmation Hearing was provided by publication as required by the Disclosure Statement Order. Adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

D.    Adequacy of Voting Procedures. All procedures used to distribute the solicitation materials to the appropriate creditors entitled to vote on the Plan and to tabulate the ballots returned by creditors were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of the approved Disclosure Statement, and otherwise in compliance with Bankruptcy Code Sections 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

E.    Good Faith Solicitation – 11 U.S.C. § 1125(e). Based on the record before the Court in the Chapter 11 Cases, the Debtors, and any of their respective directors, officers, employees, members, participants, agents, representatives, partners, affiliates, counsel, other advisors, successors or assigns, have acted in good faith within the meaning of Bankruptcy Code Sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in Bankruptcy Code Section 1125, and are entitled to the protections afforded by Bankruptcy Code Section 1125(e).

F.    <u>Impaired Class that has Voted to Accept or Reject the Plan</u>. Classes 1, 2, 5, and 6 are impaired and, as evidenced by the Voting Agent Declaration, which certified both the method and results of the voting, Classes 1, 5, and 6 have voted to accept the Plan pursuant to the requirements of Bankruptcy Code Sections 1125 and 1126. Additionally, Class 2 is deemed to accept the Plan.[3] Thus, at least one impaired Class of Claims has voted to accept the Plan.[4]

G.    <u>Classes Deemed to have Accepted or Rejected the Plan</u>. Classes 3 and 4 are not impaired under the Plan and are deemed to have accepted the Plan pursuant to Bankruptcy Code Section 1126(f). Class 7 will receive no distribution under the Plan and is deemed to have rejected the Plan pursuant to Bankruptcy Code Section 1126(g).

H.    <u>Substantive Consolidation</u>. As provided in the Purcell Declaration, there is evidence of a substantial identity, extensive interrelationship, interdependence and entanglement between and among the Debtors in virtually all operational, functional, and financial aspects. Based on, among other things, the Disclosure Statement, the Purcell Declaration, the Voting Agent Declaration, and the record of the Confirmation Hearing, substantive consolidation of the Debtors as provided under the Plan is consensual, and does not disadvantage any class of creditors or interest holders .

I.    <u>Consensual Releases</u>. The releases set forth in Article IX.B.1 of the Plan (the "<u>Consensual Releases</u>") are consensual and appropriate under applicable law based on the record

---

[3]    The Disclosure Statement Order provides that the Debtors have requested permission to deem a class as accepting in the event that no Holders of the Claims in such Class submit ballots. As provided in the Confirmation Brief and Voting Agent Declaration, the Holder of Class 2 Claims did not submit a ballot despite successfully negotiating a resolution of certain informal objections to Class 2 treatment. Accordingly, the Debtors have requested that Class 2 be deemed to accept the Plan, which request is granted.

[4]    For the avoidance of doubt: for purposes of voting tabulation, in compliance with 11 U.S.C. § 1129, the votes of insiders have not been counted; regardless, as provided at footnotes 2 and 3 to Exhibit A of the Voting Agent Declaration, each Voting Class accepted the Plan with or without the votes of insiders.

in these Chapter 11 Cases, including but not limited to the Purcell Declaration, the Voting Agent Declaration, and the record established at the Confirmation Hearing.

J.    [This section intentionally left blank.]

K.    Exculpations.  The exculpation provisions set forth in Article IX of the Plan (the "Exculpations") are incorporated into this Confirmation Order by reference and are essential to the Plan and to the Exculpated Parties' support of the Plan.  The record in the Chapter 11 Cases fully supports the Exculpations, which are appropriately tailored to protect the Exculpated Parties from inappropriate litigation.

L.    Injunctions.  The injunction provisions set forth in Article IX of the Plan (the "Injunctions") are essential to implement the Plan and to preserve and enforce the Consensual Releases and the Exculpations, and are appropriately tailored to achieve the foregoing purposes.

M.    Jurisdiction and Authority.  Each of the Consensual Releases, Exculpations, and Injunctions referenced above  (1) are within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (2) are essential means of implementing the Plan pursuant to Bankruptcy Code Section 1123(a)(5); (3) are integral elements of the transactions incorporated into the Plan; (4) confer material benefits on, and are in the best interests of, the Debtors, their Estates and their creditors; (5) are important to the overall objectives of the Plan to finally resolve all claims among or against the key parties in interest in the Chapter 11 Cases with respect to the Debtors.

N.    Plan Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(1).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(1).

(1)    *Proper Classification—11 U.S.C. §§ 1122, 1123(a)(1).*  Aside from Administrative Expense Claims, Professional Compensation Claims and Priority Tax Claims,

which need not be classified, the Plan designates seven Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

(2)  *Specified Unimpaired Classes—11 U.S.C. § 1123(a)(2).* Article III of the Plan specifies that Classes 3 and 4 are unimpaired under the Plan, thereby satisfying Bankruptcy Code Sections 1123(a)(2).

(3)  *Specified Treatment of Impaired Classes—11 U.S.C. § 1123(a)(3).* Article III of the Plan designates Classes 1, 2, 5, 6, and 7 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying Bankruptcy Code Section 1123(a)(3).

(4)  *No Discrimination—11 U.S.C. § 1123(a)(4).* The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying Bankruptcy Code Sections 1123(a)(4).

(5)  *Implementation of Plan—11 U.S.C. § 1123(a)(5).* Article IV of the Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code Sections 1123(a)(5).

(6)  *Non-Voting Equity Securities—11 U.S.C. § 1123(a)(6).* In Article IV.J.4, the Plan expressly prohibits the issuance of equity securities in the Debtors' charters. The issuance of nonvoting securities is thus impossible. Additionally, and excluding Intercompany Interests, the Debtors have only one class of securities, with voting power distributed pro rata among holders of such securities, and with no preference rights between holders. Therefore, the Plan satisfies the requirement of Bankruptcy Code Section 1123(a)(6).

(7)  *Selection of Officers and Directors—11 U.S.C. § 1123(a)(7).* Article IV.I provides that on the Effective Date, the members of the Debtor Boards of Directors shall be deemed to have become members of the Reorganized Debtor Boards, and all persons who are then officers and employees of the Debtors shall be deemed to have become officers and/or employees of the Reorganized Debtors; and furthermore that the Reorganized Debtor Boards and the officers of the Reorganized Debtors shall have such duties imposed on them by applicable Delaware law and the Debtor Organizational Documents. Additionally, Article IV.B provides that the Debtors shall appoint a Plan Administrator for the Reorganized Debtors. Article IV.C provides that the Debtors' directors and officers and Plan Administrator shall have the fiduciary duties imposed under applicable law, and that the Independent Director shall continue to have the sole rights, responsibilities and authority to evaluate, investigate, if appropriate prosecute, and resolve the Insider Claims. In sum, the manner of selection of officers and directors will be consistent with governing law and the Debtors' practices prior to and during the Chapter 11 Cases, and likewise consistent with the interests of holders of Claims and Interests and with public policy. Accordingly, the requirements of Bankruptcy Code Section 1123(a)(7) are satisfied.

(8) *Additional Plan Provisions—11 U.S.C. § 1123(b).* The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

(a) *Impairment of Claims and Interests and Assumption, Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(1)-(2).* In accordance with Bankruptcy Code Section 1123(b)(l), Article III of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests. In accordance with Bankruptcy Code Section 1123(b)(2), Article VII of the Plan provides for the rejection of all executory contracts and unexpired leases of the Debtors that have not expired by their own terms as of the Effective Date, except for those executory contracts and unexpired leases that (a) have been assumed, assumed and assigned or rejected pursuant to previous orders of the Bankruptcy Court, or (b) are the subject of a pending motion to assume or a motion or permitted notice to assume and assign, in each case filed as of the Effective Date. The Plan is therefore consistent with Bankruptcy Code Section 1123(b)(1)-(2).

(b) *Retention, Enforcement, and Settlement of Claims Held by the Debtors—11 U.S.C. § 1123(b)(3).* Pursuant to Bankruptcy Code Section 1123(b)(3), the Plan provides for the retention of certain Retained Causes of Action, including Avoidance Actions.

(c) *Sale of All or Substantially All of the Property of the Estate—11 U.S.C. § 1123(b)(4).* Consistent with Bankruptcy Code Section 1123(b)(4), the Plan effectuates the distribution of the proceeds of the sale of all or substantially all assets of the Estates under the Plan or previous Sale Orders of the Court. The Plan is therefore consistent with Bankruptcy Code Section 1123(b)(4).

(d) *Modification of the Rights of Holders of Claims—11 U.S.C. § 1123(b)(5).* Article III of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of each Class of Claims, and therefore, the Plan is consistent with Bankruptcy Code Section 1123(b)(5).

(e) *Other Provisions Not Inconsistent with Applicable Provisions of the Bankruptcy Code; Deemed Consolidation—11 U.S.C.§ 1123(b)(6).* The Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including: (a) the provisions of Article IV of the Plan regarding the means for executing and implementing the Plan; (b) the provisions of Article VII of the Plan governing the treatment of executory contracts and unexpired leases; (c) the provisions of Article V of the Plan governing distributions on account of Allowed Claims, particularly as to the timing and calculation of amounts to be distributed; (d) the provisions of Article IX.G of the Plan with respect to the consolidation of the Debtors; (e) the provisions of Article IX of the Plan regarding the Releases, Exculpations, and Injunction; and (f) the provisions of Article X of the Plan regarding retention of jurisdiction by the Court over certain matters after the Effective Date. The Plan is therefore consistent with Bankruptcy Code Section 1123(b)(6).

(9)    *Plan Compliance with Fed. R. Bankr. P. 3016.*  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).  Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

(10)    *Compliance with Fed. R. Bankr. P. 3017.*  The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) and the Disclosure Statement Order.  The solicitation materials prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Plan in accordance with Bankruptcy Rule 3017(d).

(11)    *Compliance with Fed. R. Bankr. P. 3018.*  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Plan was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code Sections 1125 and 1126, thereby satisfying the requirements of Bankruptcy Rule 3018.

O.    <u>Debtors' Compliance with Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>.    The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2).  Specifically:

(1)    The Debtors are proper debtors under Bankruptcy Code Section 109.

(2)    The Debtors have complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Court.

(3)    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, including, but not limited to, the provisions of Bankruptcy Code Sections 1125 and 1126 in transmitting the Plan, the Disclosure Statement, the ballots and related documents and notices and in soliciting and tabulating votes to accept or reject the Plan.

P.    <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>.    The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3).  The Debtors' good faith is evident from the Purcell Declaration and the record of these Chapter 11 Cases, including the record of the hearing to approve the Disclosure Statement and the record of the Confirmation Hearing.  Based upon the

evidence proffered at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of liquidating the Debtors' assets and distributing any proceeds among the creditors. Moreover, the sufficiency of disclosure, the support of the Debtors' primary constituencies, and the acceptance of the Plan by holders of Claims who voted on it, all provide independent evidence of the Debtors' good faith in proposing the Plan in compliance with Bankruptcy Code Section 1129(a)(3). Further, the Plan's classification and treatment of Claims and Interests, its compromise provisions, and its exculpation, release, and injunction provisions have been negotiated in good faith and at arms' length and are consistent with Bankruptcy Code Sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142.

     Q.    <u>Payments for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Except as otherwise provided in the Plan or certain prior orders of the Court, any payments made or to be made by the Debtors for services or for costs and expenses incurred in connection with the Chapter 11 Cases are subject to the Court's approval.

     R.    <u>Directors, Officers and Insiders—11 U.S.C. § 1129(a)(5)</u>. Article IV.I provides that on the Effective Date, the members of the Debtor Boards of Directors shall be deemed to have become members of the Reorganized Debtor Boards, and all persons who are then officers and employees of the Debtors shall be deemed to have become officers and/or employees of the Reorganized Debtors; and furthermore that the Reorganized Debtor Boards and the officers of the Reorganized Debtors shall have such duties imposed on them by applicable Delaware law and the Debtor Organizational Documents. Additionally, Article IV.B provides that the Debtors shall appoint a Plan Administrator for the Reorganized Debtors. Article IV.C provides the Debtors' directors and officers shall have the fiduciary duties imposed under applicable law, and

that the Independent Director shall continue to have the sole rights, responsibilities and authority to evaluate, investigate, if appropriate prosecute, and resolve the Insider Claims. In sum, the manner of selection of officers and directors will be consistent with governing law and the Debtors' practices prior to and during the Chapter 11 Cases, and likewise consistent with the interests of holders of Claims and Interests and with public policy. The members of the Debtor Boards of Directors are Patrick Purcell, Gregory Rush, and Independent Director Stephen S. Gray, and the Debtors' sole officer is Patrick Purcell. The Plan Administrator shall be Craig R. Jalbert of Verdolino & Lowey, P.C. The Reorganized Debtors will provide Mr. Purcell and Mr. Rush with the Debtors' customary quarterly director fee. Mr. Purcell will receive a salary of $10,000 per annum for his services as an officer. The Reorganized Debtors shall compensate Mr. Gray as provided in the *Order Approving Motion of Debtors and Debtors in Possession for Order Authorizing Entry into Agreement Appointing an Independent Director* [D.I. 339]. The Plan Administrator shall render his services to the Debtors on an hourly basis according to his customary hourly rate in effect when services are rendered, as provided in the Plan Supplement. The Plan therefore complies with Bankruptcy Code Section 1129(a)(5).

S.    No Rate Changes—11 U.S.C. § 1129(a)(6). This Section is inapplicable because there is no governmental regulatory commission that has jurisdiction over the rates that the Debtors charge.

T.    Best Interests of Creditors—11 U.S.C. § 1129(a)(7). The Plan satisfies Bankruptcy Code Section 1129(a)(7). The Purcell Declaration, the liquidation analysis attached as Exhibit B to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing: (1) are persuasive and credible, (2) have not been controverted by other evidence, and (3) establish that each holder of an impaired Claim or Interest either has accepted

the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

U.     Deemed Acceptance or Rejection by Certain Classes—11 U.S.C. § 1129(a)(8).

(1)    Classes 3 and 4 are unimpaired and are conclusively presumed to have accepted the Plan under Bankruptcy Code Section 1126(f).  As to these Classes, Bankruptcy Code Section 1129(a)(8) has been satisfied.

(2)    Classes 1, 2, 5, and 6 are impaired by the Plan.  At least two-thirds in amount and more than one-half in number of the Claims held by Creditors in Classes 1, 5, and 6 have voted to accept the Plan, as established by the Voting Agent Declaration, in accordance with Bankruptcy Code Section 1126(c).  Class 2 is deemed to accept the Plan.  As to these Classes, Bankruptcy Code Section 1129(a)(8) has been satisfied.

(3)    No Class voted to reject the Plan.  Class 7 is impaired and not entitled to receive or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to Bankruptcy Code Section 1126(g).  Although Bankruptcy Code Section 1129(a)(8) has not been satisfied with respect to Class 7, the Plan is confirmable because the Plan satisfies Bankruptcy Code Section 1129(b) with respect to Class 7, as set forth below.

V.     Treatment of Administrative, Priority and Tax Claims—11 U.S.C. § 1129(a)(9).  Through the provisions of the Plan governing Administrative Claims, Professional Compensation Claims and Priority Tax Claims, the Plan provides for the payment in full, on the later of (a) the Effective Date, or as soon as reasonably practicable thereafter, and (b) as soon as reasonably practicable after the date such Claim becomes an Allowed Claim, of all Claims entitled to priority under Bankruptcy Code Section 507(a).  Accordingly, Bankruptcy Code Section 1129(a)(9) is satisfied.

W.     Acceptance by Impaired Class—11 U.S.C. § 1129(a)(10).  Classes 1, 2, 5, and 6 have voted to accept the Plan within the meaning of Bankruptcy Code Section 1126, without the need to include any acceptance of any insider.  Therefore, Bankruptcy Code Section 1129(a)(10) is satisfied.

X.    Releasing Parties.  The Voting Agent Declaration identifies (a) all parties that duly marked their ballots to opt out of the releases provided in Article IX.B.1 of the Plan and timely submitted such ballots, (b) ballots submitted but excluded due to defects, and (c) all parties whose solicitation packages were returned as undeliverable.  The Supplemental Declaration at Exhibit A identifies all parties who were entitled to vote to accept or reject the Plan and failed to "opt out" of the releases provided in Article IX.B.1 of the Plan by (i) duly marking their ballot(s) to indicate their refusal to grant such releases and (ii) timely submitting such completed ballot, excluding those parties whose solicitation packages were returned as undeliverable.

Y.    Feasibility—11 U.S.C. § 1129(a)(11).  Because the Plan is a plan of liquidation, Bankruptcy Code Section 1129(a)(11) is inapplicable to the Plan.

Z.    Payment of Fees—11 U.S.C. § 1129(a)(12).  The payment of fees payable pursuant to 28 U.S.C. § 1930 will be the responsibility of: (a) the Debtors prior to the Effective Date and (b) the Reorganized Debtors after the Effective Date through such time as a particular Chapter 11 Case is closed, dismissed, or converted.  Thus, Bankruptcy Code Section 1129(a)(12) is satisfied.

AA.    Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13).  The Debtors are no longer obligated to pay any retiree benefits.  See D.I. 212.  As such, Bankruptcy Code Section 1129(a)(13) is inapplicable.

BB.    Domestic Support Obligations, Individuals and Certain Transfers—11 U.S.C. § 1129(a)(14)-(16).  The Debtors are not required to pay any domestic support obligations and, therefore, Bankruptcy Code Section 1129(a)(14) is satisfied.  The Debtors are not individuals and, accordingly, Bankruptcy Code Section 1129(a)(15) is

inapplicable in these Chapter 11 Cases.  The Debtors are moneyed, business or commercial corporations or trusts, as the case may be and, accordingly, Bankruptcy Code Section 1129(a)(16) is inapplicable in these Chapter 11 Cases.

CC.    Fair and Equitable; No Unfair Discrimination—11 U.S.C. § 1129(b). Pursuant to Bankruptcy Code Section 1129(b), as to any impaired class of unsecured claims or equity interests that rejects a plan, such plan must be "fair and equitable" with respect to each such class.  No Classes have voted to reject the Plan.  Class 7 will not receive any property under the Plan.  No Class junior to Class 7 is receiving any recovery and, thus, the "fair and equitable" test has been satisfied.  Furthermore, the Plan does not discriminate unfairly against any Class that any Class that is deemed to reject the Plan.

DD.    Only One Plan—11 U.S.C. § 1129(c).  Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of Bankruptcy Code Section 1129(c) have been satisfied.

EE.    Principal Purpose—11 U.S.C. § 1129(d).  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the requirements of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan therefore satisfies the requirements of Bankruptcy Code Section 1129(d).

FF.    No Objection to Deemed Rejection of Contracts and Leases.  No party to an executory contract or unexpired lease to be rejected by the Debtors pursuant to the Plan has objected to such rejection.

GG.    <u>Plan Modifications</u>. In addition to the Modifications contained in the final copy of the Plan attached hereto, and consistent with the record of the Confirmation Hearing, the Modifications shall include the following:

(a)    The text previously contained in Article I.A.28 of the Plan shall be deleted and Article I.A.28 shall read as follows: "[This section intentionally left blank.]"

(b)    The text previously contained in Article IX.A.1 of the Plan shall be deleted and Article IX.A.1 shall read as follows: "[This section intentionally left blank.]"

(c)    The text previously contained in Article IX.A.2 of the Plan shall be deleted and Article IX.A.2 shall read as follows: "[This section intentionally left blank.]"

(d)    The text previously contained in Article IX.B.2 of the Plan shall be deleted and Article IX.B.2 shall read as follows: "[This section intentionally left blank.]"

The Modifications do not materially or adversely affect or change the treatment of any holder of a Claim or Interest.  Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications do not require additional disclosure under Bankruptcy Code Section 1125 or resolicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  Disclosure of the Modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of these Chapter 11 Cases.

HH.    <u>Burden of Proof</u>.  The Debtors, as proponents of the Plan, have met their burden of proving the elements of Bankruptcy Code Sections 1129(a) and 1129(b) by a preponderance of the evidence.

II.    Satisfaction of Confirmation Requirements.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Section 1129.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

1.    Approval of Modifications. The Modifications are approved.  In accordance with Bankruptcy Code Section 1127 and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Modifications.  No Holder of a Claim shall be permitted to change its vote as a consequence of the Modifications.   The Plan as modified by the Modifications shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

2.    Confirmation of Plan.  All requirements for confirmation of the Plan have been satisfied.  The Plan is approved and confirmed under Bankruptcy Code Section 1129.

3.    Resolution of Certain Formal and Informal Objections to Confirmation. Formal and informal objections to Confirmation are hereby (a) resolved on the terms and subject to the conditions set forth below or (b) overruled in their entirety.  The compromises and settlements contemplated by the resolution of such objections are fair, equitable and reasonable, are in the best interests of the Debtors, their respective Estates and Creditors and are expressly approved pursuant to Bankruptcy Rule 9019.

4.    Incorporation of Terms and Provisions of Plan.  The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  Each term and provision of the Plan is valid, binding, and enforceable as though fully set forth herein.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure

specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan be confirmed in its entirety.

5. **Binding Effect**. Effective on the Effective Date or any other date if so provided in the Plan, and except as expressly provided otherwise in this Confirmation Order, the Plan, and its provisions shall be binding to the fullest extent of the law upon the Debtors, any party in interest, any entity acquiring or receiving property or a distribution under the Plan and any holder of a Claim against or Interest in the Debtors, including all governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan. The Plan Documents constitute the legal, valid, binding, enforceable, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Documents, and all other Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

6. **Plan Implementation Authorization**. The Debtors and the Reorganized Debtors and their respective directors, officers, members, agents, employees, authorized representatives, and attorneys, are authorized and empowered from and after the date hereof to negotiate, execute, issue, deliver, implement, file, or record any contract, instrument, release, or other agreement or document, including, without limitation, the Plan Documents, as the same may be modified, amended and supplemented, and to take any action necessary or appropriate to implement, effectuate, consummate, or further evidence the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, whether or not

specifically referred to in the Plan or any exhibit thereto, without further order of the Court. To the extent applicable, any or all such documents shall be accepted upon presentment by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law. Pursuant to section 303 of the General Corporation Law of the State of Delaware and any comparable provision of the business corporation laws of any other state (collectively, the "State Reorganization Effectuation Statutes"), as applicable, no action of the Debtors' Boards of Directors and/or Reorganized Debtor Boards will be required to authorize the Debtors and Reorganized Debtors to enter into, execute and deliver, adopt or amend, as the case may be, the Plan Documents, and following the Effective Date, each of the Plan Documents will be a legal, valid and binding obligation of the Debtors and Reorganized Debtors, enforceable against the Debtors in accordance with the respective terms thereof.

7.      Dissolution of the Debtors. In accordance with the terms of the Plan, on or after the Filing of the Final Certification, the affairs of the Reorganized Debtors may be wound up and the Reorganized Debtors may be dissolved at any time without the need for any further action or approval or filings with the secretary of state of other governmental official or authorities in the Reorganized Debtors' state of incorporation; provided, however, that the entry of the Final Decree in this Case shall effect such dissolution of all remaining Reorganized Debtors to the extent permissible under applicable law.

8.      Resolution of Defamation Indemnification Claims. With respect to Claims filed against the Debtors on the basis of contingent rights to indemnification under the Debtors' indemnification policy regarding claims of defamation regarding content provided to or on behalf of the Debtors (such Claims, "Defamation Indemnification Claims"), the Debtors shall

resolve, settle, or compromise such Defamation Indemnification Claims, whether by purchase of insurance, establishment of a reserve, or other means, (1) following discussion with (a) Teamsters Local Union No. 25 and the New England Teamsters and Trucking Industry Pension Fund and (b) the Communications Workers of America, and (2) upon motion to the Bankruptcy Court requesting approval of such resolution, settlement, or compromise.

9.    Approval of Consolidation.    The terms of the substantive consolidation are approved. Accordingly, as of the Effective Date, except as otherwise provided in the Plan, for all purposes associated with the confirmation and consummation of the Plan, all assets and liabilities of the Debtors shall be treated as though they were merged into a single economic unit, and all guarantees by any Debtor of the obligations of any other Debtor, to the extent such exist, shall be considered eliminated so that any Claim and any guarantee thereof by any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be treated as one collective obligation of the Debtors. Moreover, (a) no Distribution shall be made under the Plan on account of any Claim held by any one of the Debtors against any of the other Debtors and such Intercompany Claims will be extinguished, (b) no Distribution shall be made under the Plan on account of any Intercompany Interest held by any one of the Debtors in any of the other Debtors except to the extent necessary to effect the substantive consolidation provided for herein, (c) all guaranties of any one of the Debtors of the obligations of any of the other Debtors, to the extent such exist, shall be eliminated so that any Claim against any one of the Debtors, and any guaranty thereof executed by any of the other Debtors, shall be one obligation of the consolidated Debtors' Estates, and (d) every Claim that is timely Filed or to be Filed in the Chapter 11 Cases of any of the Debtors shall be deemed Filed against the consolidated Estates and shall be one Claim against, and one obligation of, the Estates. In addition, notwithstanding

any provision of the Plan to the contrary, any Holder of multiple Allowed Claims against more than one Debtor that arise from the contractual, joint, joint and several, or several liability of such Debtors, the guaranty by one Debtor of another Debtor's obligation or other similar circumstances, shall be entitled to *one* Allowed Claim that, in the aggregate, does not exceed the amount of the underlying Claim giving rise to such multiple Claims. Claims against more than one of the Debtors arising from the same injury, damage, cause of action or common facts shall be Allowed only once as if such Claim were against a single Debtor. The Debtors' consolidated estate shall be administered in and through the Parent's Chapter 11 Case.

10. Approval of Plan Exculpation, Debtor Releases, Injunction. Subject to paragraphs GG and 1 above, the Exculpations, Consensual Releases, and Injunctions provided in Article IX of the Plan of the Plan are approved. As set forth more fully in the Plan, as of the Effective Date and subject to the occurrence of the Effective Date:

(a) Notwithstanding anything contained herein to the contrary, on the Effective Date and as of the Effective Date, the Releasing Parties shall be deemed to forever release, waive, and discharge each of the Released Parties from the Released Claims;

(b) Entry of this Order shall constitute the Bankruptcy Court's approval of the releases set forth in Article IX.B.1 of the Plan and its finding that they are: (a) in the best interests of the Debtors and all holders of Claims; (b) fair, equitable and reasonable; (c) fully consensual; and (d) approved after due notice and opportunity for hearing;

(c) [This section intentionally left blank];

(d) The releases articulated in paragraphs (a)-(b) above shall extend to Released Claims that the parties do not know or expect to exist at the time of the release, which, if known, might have affected the decision to enter into the release and which the Debtors shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory thereof, or principle of common law, which governs or limits a person's release of unknown claims;

(e) The Debtors also acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is the intention of the parties to fully, finally, and forever settle and release with prejudice any and all Released Claims, including any and all unknown claims, without regard to the subsequent discovery or existence of additional or different facts. The Debtors expressly agree that any

fraudulent inducement or similar claims that could be premised on unknown facts or facts that are subsequently discovered are included within the definition of unknown claims;

(f)        Notwithstanding anything contained in the Plan to the contrary, effective as of the Effective Date, the Exculpated Parties shall not have or incur any liability for any act or omission taken or not taken between the Petition Date and the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale, the negotiation and Filing of the Disclosure Statement, the Plan or any document implementing the Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of executory contracts and leases, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be Distributed under the Plan, except for acts or omissions that are the result of willful misconduct, gross negligence, fraud or criminal acts or any obligations that they have under or in connection with the Plan or the transactions contemplated in the Plan, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan;

(g)        Pursuant to Section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan will not discharge the Debtors; *provided, however,* upon confirmation of the Plan, the occurrence of the Effective Date, and Distributions hereunder, the holders of Claims or Equity Interests may not seek payment or recourse against or otherwise be entitled to any Distribution from the Reorganized Debtor Assets except as expressly provided in this Plan.

(h)        Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Equity Interest, from:

(1)    commencing or continuing in any manner any action or other proceeding of any kind against any of the Debtors' Estates, the Reorganized Debtors, their successors and assigns, and any of their assets and properties;

(2)    enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Debtor's Estate, the Reorganized Debtors, their successors and assigns, and any of their assets and properties;

(3)    creating, perfecting or enforcing any encumbrance of any kind against any Debtor's Estate, the Reorganized Debtors, their successors and assigns, and any of their assets and properties;

(4)    asserting any right of setoff or subrogation of any kind against any obligation due from any Debtor's Estate, the Reorganized Debtors or their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim; or

(5)    commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Equity Interest or Cause of Action released or settled hereunder.

(i)        From and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, their Estates, their successors and

assigns, and any of their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, Claim, demand, liability, obligation, debt, right, cause of action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order;

(j)      From and after the Effective Date, all persons and Entities are permanently enjoined from commencing or continuing in any suit, action, or other proceeding on account of or respecting any claim, Claim, demand, liability, obligation, debt, right, cause of action, interest, or remedy released or to be released pursuant to the Plan or the Confirmation Order; and

(k)      [This section intentionally left blank.]

11.    <u>Opt-Outs</u>.  The Consensual Releases apply only to the Releasing Parties as defined in the Plan, subject to the findings in paragraph X of this Order.  For the avoidance of doubt, the Releases shall not apply to those parties listed on Exhibits C and D of the Voting Agent Declaration.

12.    <u>Prosecution of Estate Causes of Action</u>.  Except as otherwise provided in the Plan or Confirmation Order, in accordance with Section 1123(b)(3) of the Bankruptcy Code, any Retained Causes of Action that the Debtors may hold against any Entity shall vest upon the Effective Date in the Reorganized Debtors.  The Reorganized Debtors shall have the exclusive right, in consultation with the Consultation Parties, to institute and prosecute any Retained Causes of Action, without further order of the Bankruptcy Court, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in one or more of the Chapter 11 Cases.  The Reorganized Debtors shall not settle, compromise, or otherwise resolve any Retained Causes of Action (including but not limited to any Insider Claim) without first consulting with the Consultation Parties and then obtaining approval of the Bankruptcy Court.

13.    <u>Prosecution of Insider Claims.</u> Notwithstanding anything contained herein to the contrary, the Independent Director shall continue to have the sole rights, responsibilities and authority to evaluate, investigate, if appropriate prosecute, and resolve the Insider Claims.  The Independent Director shall serve as the liquidator of such Insider Claims as such term is used in

the D&O Insurance Policies.  The Independent Director may, in his sole discretion, transfer any Insider Claim at his election to the Liquidating Trust as provided in the Article IV.C.2 of the Plan.

14.    Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan, the Plan Documents, and any other documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, the Plan Documents, and any other documents, instruments, or agreements, and any amendments or modifications thereto.

15.    Plan Administrator Authority.  The Plan Administrator shall have authority, including but not limited to signatory authority, as a representative of the Debtors and Reorganized Debtors, as applicable, with respect to any and all bank accounts of the Debtors, including but not limited to deposit or brokerage accounts held in the name of the Debtors or any employee benefits program administered in part or in whole thereby, and furthermore, (i) exercise of such authority shall be authorized solely to the extent necessary and appropriate to effectuate the Plan or the *Order Approving Motion of Debtors and Debtors in Possession to Administer Defined Benefit Pension Plans and Wind Down Employee Benefits Programs* [D.I. 362], as applicable, and (ii) all applicable banking and brokerage institutions are hereby directed to provide such authority to the Plan Administrator without further notice, hearing, or authorization.

16.    Exemption from Certain Taxes.  Pursuant to Bankruptcy Code Section 1146(a), the issuance, transfer or exchange of any security or the making or delivery of any instrument of

transfer under this Plan may not be taxed under any law imposing a stamp tax, use tax, sales tax or similar tax. Any sale of any Asset of the Debtors occurring after or upon the Effective Date shall be deemed to be in furtherance of this Plan.

17. Applicable Non-Bankruptcy Law. Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

18. Approval of Deemed Rejection of Remaining Contracts and Leases. Unless otherwise provided in an order of or in proceedings before the Court specifically dealing with an executory contract or unexpired lease that is subject to rejection pursuant to Article VII.A of the Plan, the rejection of such contract or lease is hereby approved as of the Effective Date as proposed in the Plan. If the rejection pursuant to Article VII.A results in a Claim for damages, then such Claim shall be forever barred and shall not be enforceable against the Estates, their successors or properties, unless a Proof of Claim is filed with the Claims Agent and served on the Debtors or Reorganized Debtors, as applicable, within twenty-one (21) days after the date of notice of the entry of this Confirmation Order.

19. Agreement with Infor (US), Inc. Infor (US), Inc. ("Infor") shall be deemed to have opted out of the releases contained in Article IX.B.1 of the Plan. Infor shall be authorized to negotiate with Purchaser regarding the purported assumption and assignment of Infor's software license agreement and related cure amounts without further order of the Bankruptcy Court; provided that if any dispute arises with respect to any such assumption and assignment, such dispute may be brought before the Bankruptcy Court upon notice and hearing, with opportunity of parties-in-interest to object. Any Claim Infor seeks to assert against the Debtors

must be filed with the Bankruptcy Court by no later than twenty (20) days after the date of the

Confirmation Hearing, and any such Claim filed by such date shall be deemed timely filed and

shall be treated in accordance with the terms of the Plan. Any and all defenses to any such Claim

(other than the timeliness of filing, if filed in accordance herewith) that may be filed are fully

reserved.

20.    _Governing Law._ Except to the extent that the Bankruptcy Code or Bankruptcy

Rules or other federal laws are applicable, and subject to the provisions of any contract,

instrument, release, or other agreement or document entered into in connection with the Plan, the

construction, implementation, and enforcement of the Plan and all rights and obligations arising

under the Plan shall be governed by, and construed and enforced in accordance with, the laws of

the State of Delaware, without giving effect to conflicts of law principles which would apply the

law of a jurisdiction other than the State of Delaware.

21.    _Claims Bar Dates and Other Claims Matters._

(a)    _Bar Date for Administrative Claims Other Than Professional Compensation Claims and Priority Tax Claims._ Other than with respect to (a) Administrative Claims for which the Bankruptcy Court previously has established a Bar Date, (b) Professional Compensation Claims addressed in subsection (b) below, and (c) Priority Tax Claims addressed in subsection (c) below, any and all requests for payments or proofs of Administrative Claims must be filed with the Bankruptcy Court on or before the applicable Administrative Bar Date. Objections to any such Administrative Claims must be filed and served on the claimant on or before the Claims Objection Bar Date, unless such date is extended by the Bankruptcy Court.

Any Administrative Claim that is not asserted in accordance with Article IV.F of the Plan shall be deemed disallowed under the Plan and shall be forever barred against any of the Estates, or any of their Assets or property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process, or act to collect, offset, recoup, or recover such Claim.

(b)    _Bar Date for Professional Compensation Claims._ All final fee applications for payment of Professional Compensation Claims must be filed with the Bankruptcy Court on or before the date that is forty-five (45) days after the Effective Date. Objections to such final fee applications must be filed with the Bankruptcy Court and served on the requesting Professional or other entity seeking payment, no later than twenty-one (21) days (or

the next Business Day if such day is not a Business Day) after the date on which such final fee application was filed.

Any Professional Compensation Claim that is not asserted in accordance with Article II.B of the Plan shall be deemed disallowed under the Plan and shall be forever barred against any of the Estates, or any of their Assets or property, and the holder thereof shall be enjoined from commenting or continuing any action, employment of process, or act to collect, offset, recoup, or recover such Claim.

The *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 295] (the "Interim Compensation Order") shall remain in effect. To the extent of any inconsistency between this Order and the Interim Compensation Order, this Order shall control. To the extent of any inconsistency between the Interim Compensation Order and the Plan, the Plan shall control.

(c)    *Bar Date for Priority Tax Claims.*  To be eligible to receive distributions under the Plan on account of a Priority Tax Claim, holders of such Priority Tax Claims must file a Proof of Claim that is received by the Claims Agent on or prior to the Governmental Unit Bar Date. Objections to any such Priority Tax Claims must be filed and served on the claimant on or before the Claims Objection Bar Date, unless such date is extended by the Bankruptcy Court.

Any Priority Tax Claim that is not asserted in accordance with Article II.C of the Plan shall be deemed disallowed under the Plan and shall be forever barred against any of the Estates, or any of their Assets or property and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process, or act to collect, offset, recoup, or recover such Claim.

(d)    *Bar Date for Rejection Damages Claims.*  If the rejection of any executory contract or unexpired lease under Article VII.A of the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Estates, their successors, or properties unless a Proof of Claim is filed with the Claims Agent and served on the Debtors or Reorganized Debtors, as applicable, within twenty-one (21) days after the date of notice of the entry of the order of the Bankruptcy Court rejecting the executory contract or unexpired lease, which may include, if applicable, this Confirmation Order.

22.    Effect of Conflict Between Plan and Confirmation Order.  If there is any direct conflict between the terms of the Plan or the Plan Documents and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

23.    Retention of Jurisdiction.  Pursuant to Bankruptcy Code Sections 105(a) and 1142, and notwithstanding entry of this Confirmation Order and occurrence of the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to,

the Debtors' Chapter 11 Cases and the Plan, including the interpretation and enforcement of this Confirmation Order, to the fullest extent permitted by law, except as otherwise set forth in Article X of the Plan.

24.    Continuation of the Automatic Stay.    Unless otherwise provided in a separate order from the Court, until the Effective Date, all injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code Sections 105(a) or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect.    After the Effective Date, all injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code Sections 105(a), or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect only to the extent provided in the Plan and in this Confirmation Order.

25.    Payment of Statutory Fees.    With respect to the period prior to the Effective Date, all Statutory Fees pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Debtors on the Effective Date or other required payment date.    With respect to the period after the Effective Date, the Reorganized Debtors shall be responsible for paying Statutory Fees to the Office of the United States Trustee and such obligation shall continue until such time as a particular Chapter 11 Case is closed, dismissed, or converted.

26.    Final Order; Authorization to Consummate Plan.    This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.    Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan.

27.    <u>Notice of Entry of Confirmation Order</u>.  No later than five business days following the date of entry of this Confirmation Order, the Debtors shall serve notice of the entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all holders of Claims and Equity Interests, the U.S. Trustee, and any party who has requested notice pursuant to Bankruptcy Rule 2002.

28.    <u>Notice of Effective Date</u>.  Within five business days following the occurrence of the Effective Date, the Reorganized Debtors shall file notice of the Effective Date with the Court.

29.    <u>Closing of Cases</u>.  Pursuant to Section 7.09 of the Plan, the Debtors have filed contemporaneously herewith proposed orders, attached hereto as <u>Exhibits B</u>, <u>C</u>, and <u>D</u>, providing that the Chapter 11 Cases of HM Media, Inc., BH Media, Inc., and HIA Media, Inc., respectively, shall be closed for all purposes as of the filing of the notice of Effective Date.  For the avoidance of doubt, the closing of such cases shall not have any effect, in any manner, on the Retained Causes of Action that the Reorganized Debtors may assert in accordance with the Plan.  The jointly-administered case of HMH Media, Inc., identified as Case No. 17-12881 (LSS) shall remain open and subject to the provisions of Article IV.K of the Plan.

Dated: July 23, 2018
Wilmington, Delaware

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE